**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Gary Wipperman,             )
                                  )
             Plaintiff,     )  Case No. 1:11-CV-255
                                  )
     vs.                  )
                                  )
Rachel Hunt, <u>et al.</u>,     )
                                  )
             Defendants.   )

<u>O R D E R</u>

      This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of April 28, 2011 (Doc. No. 4) and Plaintiff Gary Wipperman's motion for default judgment (Doc. No. 6). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation. Consequently, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Plaintiff's motion for default judgment is **MOOT.**

      Proceeding pro se, Plaintiff filed a complaint against Rachel Hunt, George Phillips, Randall Phillips, Sonya Scot, and the Virginia Investment Group. From what can be gleaned from the complaint, these Defendants allegedly hired Plaintiff to perform some sort of undefined services, for which they allegedly failed compensate Plaintiff. Additionally, Defendant Scot supposedly filed a false police report in order to have Plaintiff falsely arrested. Finally, the Defendants evicted Plaintiff from the office they set up for him in violation of his rights under the Civil Rights Act of 1964 and the Americans With Disabilities Act.

The caption of the complaint, however, states that it asserts claims for "breach of contract, inference with domestic domain, interference with contract confidentiality, attempt to defraud and fraudulent receipt of services, libel, slander, defamation of character, and violating the civil rights of Plaintiff."  Doc. No. 3, at 5.

Magistrate Judge Litkovitz granted Plaintiff leave to proceed in forma pauperis and then sua sponte reviewed the complaint as required by the Prison Litigation Reform Act to determine whether it is frivolous or malicious, or fails to state a claim for relief.  Judge Litkovitz concluded that the Court lacks subject matter jurisdiction over the complaint.  Judge Litkovitz observed the state law nature of Plaintiff's claims but also noted that the complaint indicates that Plaintiff and all of the Phillips Defendants are citizens of Ohio.  Therefore, Judge Litkovitz determined that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 due to incomplete diversity of citizenship.

Judge Litkovitz also concluded that the complaint fails to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Judge Litkovitz noted Plaintiff's reference to the Americans With Disabilities Act, but also observed correctly that there are no factual allegations demonstrating that the Defendants discriminated against Plaintiff on the basis of

disability.  Finally, Judge Litkovitz found that to the extent Plaintiff is asserting claims under 42 U.S.C. § 1983, the complaint fails to show that any of the Defendants are state actors.

Accordingly, for all of those reasons, Judge Litkovitz recommended that the complaint be dismissed for lack of subject matter jurisdiction and that Plaintiff be denied leave to proceed in forma pauperis on appeal.  Judge Litkovitz also advised Plaintiff that he had fourteen days within which to file objections to her Report and Recommendation.  Instead of filing objections to the Report and Recommendation, Plaintiff filed a motion for default judgment against the Defendants on the grounds that they failed to answer the complaint.  As of the date of this order, Plaintiff is out of time for filing objections to the Report and Recommendation.

The Court has reviewed the Report and Recommendation and the complaint de novo as required by Fed. R. Civ. P. 72(b) and concludes that Judge Litkovitz's analysis is correct in all respects.  Accordingly, the Court **ADOPTS** the Report and Recommendation.  The complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  Plaintiff's motion for a default judgment is therefore **MOOT.**

The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in

3

good faith.  The Court, therefore, **DENIES** Plaintiff leave to appeal <u>in forma pauperis</u>.  <u>See</u> Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

        **IT IS SO ORDERED**

Date<u> May 24, 2011  </u>      <u>       s/Sandra S. Beckwith       </u>
                              Sandra S. Beckwith
                Senior United States District Judge